IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES FREEMAN,                    :
                                  :
    Plaintiff,                    : CIVIL NO. 3:CV-07-2191
                                  :
  vs.                             : (JUDGE VANASKIE)
                                  :
DEPARTMENT OF CORRECTIONS, et al., :
                                  :
    Defendants.                   :

M E M O R A N D U M

I.    Background

James Freeman, an inmate confined at the State Correctional Institution at Coal Township ("SCI-Coal Township"), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 3, 2007. Along with the complaint, Plaintiff filed a supporting affidavit.[1] (Dkt. Entry 2). Named as Defendants are the Pennsylvania Department of Corrections ("DOC"), and the following nine (9) SCI-Coal Township employees: Joseph J. Piazza, Superintendent; Lieutenants Jordan and Moyer; Correctional Officers Studlack,

---

[1] Also appearing on the docket is a submission by Plaintiff on July 25, 2008, entitled "Memorandum of Law." (Dkt. Entry 29.) In reviewing this document, it appears to be several pages of legal argument by Plaintiff in support of the claims set forth in his complaint followed by multiple supporting declarations. Because the memorandum of law is not associated with any motion presently pending before the Court, the Clerk of Court will be directed to strike the document from the record and return it to Plaintiff.

Bowers, Fornwald and Lahr; Lisa Shay Kerns-Barr, Hearing Examiner; and Ms. McCathy, Medical Administrator. While not specifically identified in the caption, the complaint also sets forth claims against John Doe, Nurse, and Jane Doe, Physician's Assistant/Doctor. Plaintiff sets forth claims of retaliation, excessive force, denial of procedural due process, false misconduct reports, and the denial of medical care. Service of the complaint and supporting affidavit was directed on February 20, 2008. (Dkt. Entry 9.) Requests for Waivers of Service were sent to Defendants on February 27, 2008, and returned by Defendants on March 11, 2008 and March 21, 2008. (Dkt. Entries 10, 11.) An answer to the complaint was filed on behalf of all Defendants on May 15, 2008. (Dkt. Entry 20.) On May 23, 2008, Plaintiff filed a reply to the answer.[2] Presently pending in this matter are the following motions filed by Plaintiff: motion for a jury trial (Dkt. Entry 14); motion for counsel (Dkt. Entry 15); motion for default judgment (Dkt. Entry 17); motion for service of documents (Dkt. Entry 19); motion for leave to file an amended complaint (Dkt. Entry 22); and motion for order compelling discovery (Dkt. Entry 28).

---

[2] The Clerk of Court will be directed to strike Plaintiff's reply to the answer from the record. Fed. R. Civ. P. 7 addresses the matter of pleadings allowed in a civil case. Pursuant to Rule 7(a), the only pleadings allowed are the complaint, the answer to the complaint, an answer to a counterclaim, an answer to a crossclaim, a third-party complaint and, if the court orders one, a reply to the answer. In the instant case, the Court has not directed Plaintiff to file a reply to the answer. Accordingly, the Clerk of Court will be directed to strike this filing from the record.

II.     Discussion

    A.     Motion for Jury Trial Demand

Plaintiff has submitted a "motion for demand of jury trial." Pursuant to Fed. R. Civ. P. 38(b), a party may demand a jury trial by serving the other parties with a written demand, which may be included in a pleading, no later than ten (10) days after the last pleading directed to the issue is served. In his complaint, Plaintiff does request a trial by jury. (Dkt. Entry 1, Compl. at unnumbered p. 13.) Because the request for jury trial is not reflected on the docket sheet, the Clerk of Court will be directed to make the appropriate notation, and the motion for a jury trial will be dismissed as moot.

    B.     Motion for Appointment of Counsel

Plaintiff also requests the appointment of counsel in this matter. In support of his motion, he argues that he is a "layman to the law," and will need to gather much evidence for trial, including films, documents, and expert witnesses. He further argues that he has no money to make copies or purchase envelopes. (Dkt. Entry 15.)

It is a well-established principle that prisoners have no constitutional or statutory right to appointment of counsel in a civil case. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). Yet, district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915. Montgomery v. Pichak, 294 F.3d 492, 499 (3d Cir. 2002), citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United

States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. In this case, Plaintiff's complaint alleges multiple claims, including retaliation, excessive force, denial of procedural due process, and inadequate medical care. The case is still at an early stage. In fact, a motion to amend the standing complaint is currently pending. Further, a weighing of the other pertinent factors militates against appointment of counsel at this time. Those factors are:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which the case is likely to turn on credibility determinations; and,

6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499, citing Tabron, 6 F.3d at 155-57.

The issues involved in this action are straightforward, involving the application of established legal principles to the factual situation at hand.  A review of Plaintiff's filings thus far demonstrates his ability to successfully litigate this case on his own, including his ability to prepare and file motions in this case that are both understandable and cite pertinent legal principles.  Any concern at this point about trial preparation is premature.  While Plaintiff argues that he has no money to purchase envelopes to mail legal documents, the docket in this case reveals otherwise.  While the Court is cognizant of the limitations placed on Plaintiff due to his incarceration, he clearly demonstrates that he is capable of drafting discovery requests on his own.  Accordingly, the motion for counsel will be denied without prejudice.

C.  Motion for Default Judgment

Also pending is Plaintiff's motion for default judgment against Defendants.  Plaintiff maintains that Defendants have failed to respond to his complaint despite service of process.  An Order directing service of the complaint was issued on February 20, 2008, and waivers of service filed with the Court on March 11, 2008 and March 28, 2008. (Dkt. Entries 10, 11.)  Defendants executed the waivers on February 27, 2008, making a response to the complaint due on or before April 28, 2008.  Because Defendants failed to submit a response by said date, Plaintiff filed the instant motion on May 15, 2008.

Entry of default judgment is a two-step process. Fed. R. Civ. P. 55. A party seeking to obtain a default judgment must first request that the clerk of the court "enter ... the default" of the party that has not answered the pleading or "otherwise defend[ed]" within the time required by the rules or as extended by court order. Fed. R. Civ. P. 55(a). In the instant action, Plaintiff failed to request the Clerk of Court to enter default. Even if default was properly entered, the entry of judgment by default pursuant to Rule 55(b)(2) is within the discretion of the trial court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984).

In the instant case, Plaintiff's motion for default judgment will be denied. Not only has Plaintiff failed to request the entry of default, but also Defendants filed an answer to the complaint on the same date Plaintiff filed the instant motion. While it is true the answer was overdue, it was submitted prior to any entry of default in this matter.

D.     Motion for Court to allow Plaintiff to Serve Defendants' Counsel

Plaintiff has filed a motion seeking permission to serve all pleadings, motions and discovery requests upon Defendants' counsel of record in this action. He states that because his financial resources are limited, granting this request would be helpful to him. Without unnecessary elaboration, the instant motion will be denied as moot. Pursuant to Fed. R. Civ. P. 5(b)(1), if a party is represented by an attorney, service of pleadings and other papers must be made on the attorney unless the court orders service on the party.

### E. Motion to Amend the Complaint

Also pending is Plaintiff's motion to amend his complaint. In the motion, Plaintiff first seeks to amend the complaint to provide the identities of the John and Jane Doe defendants. He identifies the John Doe Nurse defendant as Kyle Confer. The Jane Doe Physician's Assistant/Doctor has been identified as Ann M. Batdorf. Plaintiff also requests permission to amend his complaint to add a host of new Defendants, including Officers Butts, Lamont and Henning, as well as Deputy Superintendents Verano and Mooney, and Program Director Ms. Chismar. In seeking to add these Defendants, Plaintiff submits a proposed amended complaint in which he sets forth several new claims concerning unrelated incidents, some of which occurred months after the incidents set forth in the original complaint.

Pursuant to Federal Rule of Civil Procedure 15(a), "leave to amend shall be freely given when justice so requires." According to the Third Circuit Court of Appeals, leave to amend should be granted liberally; it should be denied only in circumstances in which a "plaintiff's delay in seeking amendment is undue, made in bad faith, prejudicial to the opposing party, or [the amendment] fails to cure the jurisdictional defect." Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000)(quoting Berkshire Fashions, Inc., M.V. Hauksan II, 954 F.2d 874, 886 (3d Cir. 1992)).

There is no question that Plaintiff's motion should be granted with regard to his request to amend the complaint to include the identities of the two (2) Doe defendants. The Clerk of Court will be directed to substitute Ann M. Batdorf for "Jane Doe," and Kyle Confer for "John

Doe." Service of the complaint on these newly identified Defendants will also be directed.

Plaintiff's motion to amend the complaint will be denied in all other respects for the following reasons. The remaining proposed amendments seek to add new defendants and new claims that pertain to some incidents which occurred before the original complaint was filed, and other incidents following the filing of the complaint. The issues presented are all new claims against new defendants distinct from those claims presently before the Court. Undue prejudice would result to the existing Defendants if such an amendment to the existing complaint were permitted at this point. Further, these claims are more properly pursued in a new action by Plaintiff.[3] Accordingly, the motion to amend the complaint will only be granted with respect to the identification of the Doe defendants.

F.    Motion for Order Compelling Discovery

Plaintiff has also filed a motion seeking an Order directing Defendants to respond to discovery requests. (Dkt. Entry 28.) Specifically, Plaintiff states he served interrogatories on counsel for Defendants on May 19, 2008. When he received no response to the discovery requests, he sent a letter of inquiry to counsel on June 19, 2008, which has gone unanswered. It does not appear that Plaintiff filed a brief in support of his discovery motion, and the motion

---

[3] Rule 20(a) of the federal Rules of Civil Procedure prohibits the joinder of parties in one action where the right to relief asserted does not arise out of the same transaction, occurrence or series of transactions or occurrences, and there exists no question of law or fact common to all.

will be deemed withdrawn.[4]  See Local Rule of Court 7.5.  An appropriate Order follows.


                    s/ Thomas I. Vanaskie
                    Thomas I. Vanaskie
                    United States District Judge

---

[4] Notwithstanding the dismissal of Plaintiff's motion, Defendants are reminded of their obligation to respond to the outstanding discovery requests.  Failure to do so may result in sanction on Defendants and/or their counsel.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES FREEMAN, | : |
| Plaintiff, | : CIVIL NO. 3:CV-07-2191 |
| vs. | : (JUDGE VANASKIE) |
| DEPARTMENT OF CORRECTIONS, et al., | : |
| Defendants. | : |

## O R D E R

NOW, THIS 11th DAY OF DECEMBER, 2008, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED AS FOLLOWS:

1. Plaintiff's motion for jury demand (Dkt. Entry 14) is dismissed as moot.

2. Plaintiff's motion for counsel (Dkt. Entry 15) is denied without prejudice.

3. Plaintiff's motion for default judgment (Dkt. Entry 17) is denied.

4. Plaintiff's motion to serve documents on Defendants' counsel (Dkt. Entry 19) is dismissed as moot.

5. Plaintiff's motion for leave to file an amended complaint (Dkt. Entry 22) is granted in part and denied in part. The motion is granted to the extent that Ann M. Batdorf will be substituted for the "Jane Doe" defendant, and Kyle Confer will be substituted for the "John Doe" defendant. The motion is denied in all other respects.

6. The Clerk of Court is directed to add the names of the newly identified Defendants on the docket.

7. The United States Marshal is directed to serve Plaintiff's complaint (Dkt. Entries 1, 2) on the newly identified Defendants, Batdorf and Confer.

8. Within fifteen (15) days from the date of this Order, Defendants shall file a response to Plaintiff's motion to compel discovery. (Dkt. Entry 28.)  The failure to do so will result in the motion being deemed unopposed.

9. The Clerk of Court is directed to strike from the record Plaintiff's reply to Defendants' answer to the complaint. (Dkt. Entry 21.)  The Clerk is also directed to strike from the record and return to Plaintiff his filing of July 25, 2008.  (Dkt. Entry 29.)

10. Plaintiff's Motion to Compel Discovery (Dkt. Entry 28) is dismissed.

11. The Clerk of Court is directed to reflect Plaintiff's demand for a jury trial on the docket.

12. The parties shall complete all discovery in this matter within sixty (60) days from the date of this Order.  Any dispositive motions shall be filed within thirty (30) days from the close of discovery.

        s/ Thomas I. Vanaskie
        Thomas I. Vanaskie
        United States District Judge