UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES FREEMAN, :
:
     Plaintiff, :
:
     v. : CIVIL NO. 3:CV-07-2191
:
DEPARTMENT OF CORRECTIONS, et : (JUDGE VANASKIE)
al., :
:
     Defendants. :

## MEMORANDUM

### Background

    James Freeman, an inmate confined at the State Correctional Institution at Coal Township ("SCI-Coal Township"), Pennsylvania, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] Along with the complaint, Plaintiff filed a supporting affidavit. (Dkt. Entry # 2). Service of the Complaint and supporting affidavit were previously ordered.

    Named as Defendants are the Pennsylvania Department of Corrections ("DOC"), and the following nine (9) SCI-Coal Township employees: Superintendent Joseph J. Piazza;

---

[1] For the convenience of the reader of this Order in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Lieutenants Timothy Jordan and Stanley Moyer; Correctional Officers Ralph Studlack, Ronald Bowers, Lonni Fornwald and Matthew Lahr; Hearing Examiner Lisa Shay Kerns-Barr; Nurse Kyle Confer; Ann Batdorf;[2] and Medical Administrator Kathryn McCarty.[3]

In his Complaint, Plaintiff sets forth claims of retaliation, denial of access to the courts, excessive force, denial of procedural due process, false misconduct reports, and denial of medical care. With respect to Defendant Batdorf, it is alleged that on August 2, 2007, Plaintiff was assaulted by correctional officers and suffered injuries including a swollen hand, "big bruises on both biceps that were bleeding," "messed up" shoulder and elbow, and a headache. (Dkt. Entry # 1, History, ¶ ¶ 20 - 23.) Following this incident, Freeman was placed in a "hard cell."[4] (Id. at ¶ 22.) Plaintiff states that he was seen by Nurse Confer that same day, who purportedly failed to take any action other than telling him to sign up for sick call. (Id. at ¶ 23.) Freeman claims that the following morning Batdorf examined him while he was in the "hole" and "only refiled [sic] my order and put me on for an x-ray, no ice, pain pill or bandaids [sic], or

---

[2] The Complaint describes Defendant Batdorf as being a Physician Assistant/Doctor, while Batdorf titles herself as being a Nurse Practitioner. (Dkt. Entry # 49 at 1.)

[3] By Memorandum and Order dated December 11, 2008, Plaintiff's request to substitute Batdorf and Confer for two John/Jane Doe Defendants was granted. (Dkt. Entry # 32 at 10, ¶ 5.) This Court relies on the spellings of Defendants' names which they themselves have provided.

[4] Plaintiff describes a hard cell as one lacking running water and a bed. (Dkt. Entry # 1, ¶ 6.)

wraps for my open sores." (Id. at ¶ 24.) Plaintiff was eventually given Tylenol by Nurse Long the next morning. Long allegedly told Inmate Freeman that "no one put anything in for me." (Id.) According to the Complaint, Long additionally informed Plaintiff that "it's a security risk to give me [Freeman] proper treatment because I'm in the hole." (Id.) There are no additional allegations set forth regarding Defendant Batdorf.

Presently pending is Defendant Batdorf's motion to dismiss the Complaint for failure to state a claim. (Dkt. Entry # 48.) As correctly noted by the moving Defendant, Plaintiff has not submitted an opposing brief. (Dkt. Entry # 67.)

Discussion

Batdorf asserts that she is entitled to entry of dismissal on the grounds that (1) Plaintiff has not alleged that he was suffering from a serious medical need, and (2) the complaint does not sufficiently allege that Nurse Practitioner Batdorf was deliberately indifferent to Plaintiff's medical needs.

Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most

favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  The plaintiff must present facts that, if true, demonstrate a plausible right to relief.  See Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").  Rule 8 demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, ___ U.S. ____ ,129 S.Ct 1937, 1949 (2009).

This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action.  Twombly, 550 U.S. at 556.  The reviewing court must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562.

A civil rights complaint should allege the conduct violating plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Iqbal, 129 S.Ct at 1949.  Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief.  See id. at 1950.  see also Phillips v. County of

Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). It is additionally noted that pro se pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972).

Serious Medical Need

Batdorf initially argues that Freeman has not identified a serious medical need as required to set forth a viable claim under the Eighth Amendment. (Dkt. Entry # 49 at 8.) The moving Defendant explains that allegations of bruises on the arms and vague contentions of a messed up shoulder and elbow do not rise to the level of a serious medical need.

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). In order to establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need. See Spruill v. Gillis, 372 F.3d 218, 235 - 36 (3d Cir. 2004); Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). In the context of medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective component). Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1979).

A serious medical need is "one that has been diagnosed by a physician as requiring

treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Mines v. Levi, 2009 WL 839011 *7 (E.D. Pa. March 26, 2009)(quoting Colburn, 946 F.2d at 1023); Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347. "[I]f unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment.'" Young v. Kazmerski, 266 Fed. Appx. 191, 193 (3d Cir. 2008)(quoting Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347).

Plaintiff alleges that four (4) days after the incident he "was prescribe [sic] to see physical therapist." (Dkt. Entry # 1, ¶ 24.) He adds that his hand still swells up and he gets cramps. See id. It is also asserted that when Nurse Practitioner Batdorf examined Plaintiff she concluded that an x-ray needed to be taken. (Id.)

Based upon Plaintiff's assertions, which must be accepted as true under Rule 12(b)(6), it cannot be determined at this stage of the proceedings that Freeman was not suffering from an objectively serious medical need at the time he was seen by Nurse Practitioner Batdorf. The request for dismissal for failure to identify a serious medical need will be denied.

Deliberate Indifference

The Supreme Court has established that the proper analysis for deliberate indifference is whether a prison official "acted or failed to act despite his knowledge of a substantial risk of

serious harm." Farmer v. Brennan, 511 U.S. 825, 841 (1994). Furthermore, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment [as] medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. When a prisoner has actually been provided with medical treatment, one cannot always conclude that, if such treatment was inadequate, it was no more than mere negligence. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993). It is true, however, that if inadequate treatment results simply from an error in medical judgment, there is no constitutional violation. See id. However, where a failure or delay in providing prescribed treatment is deliberate and motivated by non-medical factors, a constitutional claim may be presented. See id.

Plaintiff alleges that the morning after the alleged August 2, 2007 assault, Batdorf concluded that his injuries warranted the taking of an x-ray but she purportedly did not provide him with any immediate care, i.e., ice, band-aids, pain medication, or wraps. The same paragraph of the pro se Complaint indicates that treatment was denied to Freeman because he was deemed to be a security risk by virtue of his placement in segregated confinement. Specifically, he contends "they say it's a security risk to give me proper treatment because I'm in the hole." (Dkt. Entry # 1, History, ¶ 24.)

Clearly, if a prisoner is not provided with needed care solely on the basis of a non-medical reason such as his or her placement in restricted housing, a viable claim of deliberate indifference may be asserted. See Jones v. Marquez, 526 F.Supp 871, 882 (D. Kan. 1981)(recognizing that inmates housed in administrative segregation are entitled to "routine and emergency medical attention."); Ordonez v. Yost, 289 Fed. Appx. 553, 555 (3d Cir. 2008)("deliberate indifference is proven if necessary medical treatment is delayed for non-medical reasons.") Given the liberal treatment afforded pro se filings and based upon an application of the well established standards set forth in Farmer, Estelle and Durmer to Plaintiff's allegations, Freeman has set forth a deliberate indifference claim sufficient to withstand scrutiny under Rule 12(b)(6) to the extent that he is alleging that Nurse Practitioner Batdorf failed to provide any immediate treatment, specifically ice, pain medication, and bandages for visible injuries even though she concluded that one of his injuries was serious enough to warrant the scheduling of an x-ray, solely because he was housed in segregated confinement.[5] Despite the fact that Freeman has not submitted an opposing brief, Defendant

---

[5] The Court recognizes that due to the wording of ¶ 24 of the History section of Plaintiff's Complaint there is confusion as to whether he is alleging that his segregation resulted in: (1) denial of proper treatment by Nurse Practitioner Batdorf; (2) subsequent denial of physical therapy; or (3) denial of any proper treatment whatsoever.

Batdorf's motion to dismiss will nonetheless be denied.[6] An appropriate Order will enter.

                                                       s/ Thomas I. Vanaskie
                                                      Thomas I. Vanaskie
                                                      United States District Judge

---

[6] Plaintiff is forewarned that any future failure to submit an opposing brief to motions filed by Defendants may result in the motion being deemed unopposed and granted without a merits analysis.

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES FREEMAN, :
:
      Plaintiff, :
:
   v. : CIVIL NO. 3:CV-07-2191
:
DEPARTMENT OF CORRECTIONS, et : (JUDGE VANASKIE)
al., :
:
      Defendants. :

## ORDER

    NOW, THEREFORE, THIS 16th DAY OF SEPTEMBER, 2009, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT Defendant Ann Batdorf's motion to dismiss (Dkt. Entry # 48) is DENIED.

                                       s/ Thomas I. Vanaskie
                                       Thomas I. Vanaskie
                                       United States District Judge