IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES FREEMAN,

    Plaintiff,

v.     :    CIVIL NO. 3:CV-07-2191

DEPARTMENT OF CORRECTIONS, et al.,     :    (Judge Munley)

    Defendants.

## ORDER

**Background**

This pro se civil rights action pursuant to 42 U.S.C. § 1983 was initiated by James Freeman ("Plaintiff"), an inmate confined at the State Correctional Institution, Cresson, Pennsylvania ("SCI-Cresson"). Freeman's action was reassigned to the undersigned on June 4, 2010.

Named as Defendants are the Pennsylvania Department of Corrections ("DOC"), and the following employees at Freeman's former place of confinement, the State Correctional Institution, Coal Township, Pennsylvania ("SCI-Coal Twp."): Superintendent Joseph J. Piazza; Lieutenants Timothy Jordan and Stanley Moyer; Correctional Officers Ralph Studlack, Ronald Bowers, Lonni Fornwald and Matthew Lahr; Hearing Examiner Lisa Shay Kerns-Barr; Nurse Kyle Confer; Ann Batdorf; and Medical Administrator Kathryn McCarty. Freeman's Complaint consists of claims of retaliation, denial of access to the courts, excessive force, denial of procedural due process, false misconduct reports, and denial of medical care.

1

Presently pending is Plaintiff's "motion for spoilation and adverse inference sanction." (Doc. 156). Freeman states that videotape evidence from both a stationary and hand held camera of his purported assault by correctional staff on August 2, 2007 and his subsequent escort and medical evaluation "is needed in this matter and should of been preserved for litigation." Id. at p. 1. He asserts that because the evidence was destroyed he is entitled to an adverse inference jury instruction.

Defendant Batdorf opposes the motion on the basis that she never had possession, control or access to any of the film/videotape described by Freeman. See Doc. 169, p. 2. The Corrections Defendants acknowledge that the relevant film footage from the stationary camera was recorded over "within a few weeks of its being shot as was the policy at the time." Doc. 166, p. 4. However, they add that Plaintiff is not entitled to relief because any footage from the stationary camera would lack relevance since it would not show the inside of Plaintiff's cell, i.e., where the alleged assault occurred.

With respect to the contention that Lieutenant Moyer used a hand held camera to record the handling of Plaintiff by correctional staff immediately after the alleged excessive force incident, the Corrections Defendants assert that they "have always maintained that *no such film was ever taken either by Lt. Moyer or anyone else.*" Id. at p. 5 (emphasis in original). Accordingly, they conclude that Freeman's motion should be denied.

**Discussion**

Spoliation is the destruction or significant alteration of evidence or the failure to preserve property for another party's use as evidence in pending or reasonably foreseeable litigation. See Ward v. Lamanna, 334 Fed. Appx. 487, 492 (3d Cir. 2009)("[s]poilation is a negative

inference drawn from a party's destruction of relevant evidence, reflecting a 'consciousness of guilt'"). When a determination that spoliation has occurred has been made, an appropriate sanction is for the court to provide the jury with an adverse inference instruction that the destroyed or altered evidence might or would have been unfavorable to the offending party. However, issuance of the adverse inference instruction is appropriate only if four factors are demonstrated: (1) the evidence in question must have been in control of the party; (2) there has been actual suppression or withholding of the evidence; (3) the evidence withheld or destroyed was relevant; and (4) it was reasonably foreseeable that the evidence would later be discoverable. See National Security Systems, Inc. v. Iola, 2007 WL 2868975 *1 (D.N.J. Sept. 26, 2007).

It has also been recognized that courts considering a spoliation motion and imposition of an adverse inference instruction sanction should consider: (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party and (3) whether there is a lesser sanction that will prevent substantial unfairness to the opposing party . In re Hechinger Investment Co., 489 F.3d 568, 579 (3d Cir. 2007); Schmid v. Milwaukee Electric Tool Co., 13 F.3d 76, 79 (3d Cir. 1994). The Court of Appeals in Hechinger concluded that when there is no evidence that the offending party intentionally destroyed the evidentiary material which it knew would have beneficial to an adverse party in litigation, there was insufficient basis to grant a spoliation motion. See Hechinger, 489 F.3d at 579.

It is initially noted that with regards to Defendant Batdorf, a Nurse Practitioner who provides medical services to SCI-Coal Twp. inmates on a contractual basis, there is no indication by any party that the alleged film/videotape evidence at issue herein was ever within her control.

3

Accordingly, since Nurse Batdorf never possessed or exercised control over the missing videotape evidence, she cannot be deemed responsible for its loss, and there is no basis for relief. See National Security, 2007 WL 2868975 at * 1.

Corrections Defendants acknowledge that the relevant film footage from the stationary camera was within their control and routinely recorded over "within a few weeks of its being shot" in accordance with the then existing Department of Corrections policy. Doc. 166, p. 5. However, they assert that any footage from the stationary camera would lack relevance with respect to the pending claims before this Court because it would not show the inside of Plaintiff's cell where the alleged assault occurred. They add that Freeman never indicated that he wanted to view the film footage until his August 30, 2007 administrative appeal thus undermining any assertion that the footage was taped over to prevent its use by Plaintiff. See Doc. 166 at p. 5.

A supporting declaration by retired SCI-Coal Twp. Security Lieutenant Timothy Jordan asserts that the tape from the stationary camera in the corridor outside of Plaintiff's cell in 2007 "would not have shown what was occurring behind a closed cell door in the corridor." Doc. 167, Exhibit A, ¶ 12. Jordan adds that the customary practice at that time "was that those tapes were automatically recorded over within a few weeks." Id. at ¶ 13. As previously noted, with respect to Plaintiff's claim that Lieutenant Moyer used a hand held camera to videotape him immediately after the alleged excessive force incident, the Corrections Defendants deny that any such footage was ever taken.

Based upon Lieutenant Jordan's unopposed declaration, the Corrections Defendants did not intentionally destroy the footage from the stationary camera to prevent its use by Freeman, rather it

4

was routinely recorded over in accordance with then existing institutional policy. Second, Jordan's declaration also establishes that the film was not relevant because it did not include any view of the inside of Plaintiff's cell. For those reasons, Plaintiff has also not established that there was intentional destruction of the footage or that it was reasonably foreseeable to the Corrections Defendants that the footage was evidence which would later be discoverable. Based upon an application of the standards set forth in Schmid and Hechinger, Plaintiff has not satisfied his burden of demonstrating that there was an intentional destruction of relevant evidence by the Corrections Defendants. See also Ward, 334 Fed. Appx. at 492 (where evidence is destroyed without knowledge of pertinent litigation a district court does not abuse its discretion in rejecting request for a spoliation inference). Moreover, Plaintiff has not presented this Court with any competent evidence which would undermine the Corrections Defendants' assertion that Lieutenant Moyer did not use a hand held camera to videotape Freeman following the incident at issue. Accordingly, Plaintiff's motion for spoliation and adverse inference sanction will be denied.

AND NOW, to wit, this 11th day of January 2011, it is hereby **ORDERED** that:

Plaintiff's motion for spoliation and adverse inference sanction (Doc. 156) is **DENIED.**

BY THE COURT:

s/James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**

5