IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES FREEMAN,

    **Plaintiff,**

v. : CIVIL NO. 3:CV-07-2191

DEPARTMENT OF CORRECTIONS, et al., : (Judge Munley)

    **Defendants.**

## MEMORANDUM

**Background**

This pro se civil rights action pursuant to 42 U.S.C. § 1983 was initiated by James Freeman ("Plaintiff"), an inmate confined at the State Correctional Institution, Cresson, Pennsylvania ("SCI-Cresson"). Freeman's action was reassigned to the undersigned on June 4, 2010.

Named as Defendants are the Pennsylvania Department of Corrections ("DOC"), and the following employees at Freeman's former place of confinement, the State Correctional Institution, Coal Township, Pennsylvania ("SCI-Coal Twp."): Superintendent Joseph J. Piazza; Lieutenants Timothy Jordan and Stanley Moyer; Correctional Officers Ralph Studlack, Ronald Bowers, Lonni Fornwald and Matthew Lahr; Hearing Examiner Lisa Shay Kerns-Barr; Nurses Kyle Confer and Ann Batdorf; and Medical Administrator Kathryn McCarty. Freeman's Complaint consists of claims of retaliation, denial of access to the courts, excessive force, denial of procedural due process, false misconduct reports, and denial of medical care.

1

On April 12, 2010, Plaintiff filed a motion seeking entry of summary judgment (Doc. 151) ; a "motion for spoilation and adverse inference sanction." (Doc. 156) and a motion to compel discovery (Doc. 154). By Order dated November 3, 2010, Plaintiff's motion to compel discovery was partially granted and the Corrections Defendants were directed to submit for in camera inspection, DOC manuals sought by Freeman, specifically, 6.5.1 (Administration of Security Level 5 Housing Units) and 6.3.1 (Facility Security). See Doc. 213. On January 11, 2011, Plaintiff's motion for spoilation and adverse inference sanction was denied. See Doc. 225.

Plaintiff's remaining motion from April 12, 2010 seeks entry of summary judgment against all defendants. Defendant Batdorf has filed a cross summary judgment motion.[1] See Doc. 185. Both motions have been briefed and are ripe for consideration.

With respect to Defendant Batdorf, it is alleged that on August 2, 2007, Plaintiff was assaulted by correctional officers and suffered injuries including a swollen hand, "big bruises on both biceps that were bleeding," "messed up" shoulder and elbow, and a headache. (Doc. 1, History, ¶¶ 20 - 23.) Following this incident, Freeman was placed in a "hard cell."[2] (Id. at ¶ 22.) Plaintiff states that he was seen by Nurse Confer that same day, who purportedly failed to take any action other than telling him to sign up for sick call. (Id. at ¶ 23.) Freeman claims that the next morning Batdorf examined him while he was in the "hole" and "only refiled [sic] my order and put me on for an x-ray, no ice, pain pill or bandaids [sic], or wraps for my open sores." (Id. at ¶ 24.) Plaintiff was

---

[1]. By Memorandum and Order dated September 16, 2009, Judge Vanaskie denied Defendant Batdorf's previously submitted motion to dismiss See Doc. 69.

[2] Plaintiff describes a hard cell as one lacking running water and a bed. (Doc.1, ¶ 6.)

eventually given Tylenol by Nurse Long the next morning. Long allegedly told Inmate Freeman that "no one put anything in for me." (Id.) According to the Complaint, Long additionally informed Plaintiff that "it's a security risk to give me [Freeman] proper treatment because I'm in the hole." (Id.) There are no additional allegations set forth regarding Defendant Batdorf.

**Discussion**

Freeman generally argues that he is entitled to entry of summary judgment "if not in hole, [sic] at least in part to some of the matters where facts, and material evidence is clear [sic] against the Defendants in this matter." (Doc. 151, p. 5.) Plaintiff's motion and supporting brief reassert his version of the facts and his claims of constitutional misconduct. With respect to Defendant Batdorf, Plaintiff's supporting brief generally argues that based upon the medical records and affidavits he "did show a deliberate indifference claim" against said defendant. (Doc. 152 at p. 6.)

Nurse Batdorf counters that entry of summary judgment in her favor is appropriate because Freeman: (1) did not exhaust his administrative remedies with respect to his claims against Batdorf; (2) has not produced sufficient evidence to support a claim that Nurse Batdorf was deliberately indifferent; (3) has not established that he had a serious medical need; and (4) failed to satisfy his burden of proof as to the issue of causation.

**Standard of Review**

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of

3

the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

## EXHAUSTION

The Moving Defendant asserts that based upon an examination of the DOC grievances

4

initiated by Plaintiff, "he has not exhausted his administrative remedies against Batdorf." (Doc. 191, p. 13.) It appears that Batdrof's argument is twofold. First, she claims that the only relevant grievance submitted by Freeman was procedurally defaulted. Second, she indicates that said grievance is deficient because it failed to identify Batdorf by name and actually regarded the conduct of another nurse.

Section 1997e(a) of title 42 U.S.C. provides:

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e(a) requires administrative exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001); see also Porter v. Nussle, 534 U.S. 516, 529-532 (2002). In Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003), the Court of Appeals held that "[f]ailure to exhaust administrative remedies is an affirmative defense for the defendant to plead." See also Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002)(a prisoner does not have to allege in his complaint that he has exhausted administrative remedies). Rather, it is the burden of a defendant asserting the defense to plead and prove it; Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997).

Dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust his available administrative remedies before bringing a civil rights action. Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000). "[E]xhaustion must occur prior to filing suit, not while the suit is pending." Tribe v. Harvey, 248 F.3d 1152, 2000 WL 167468, *2 (6th Cir. 2000)(citing Freeman v.

5

Francis, 196 F.3d 641, 645 (6th Cir. 1999)); Oriakhi v. United States, 165 Fed. Appx. 991, 993 (3d Cir. 2006).

Moreover, "[t]here is no futility exception" to the exhaustion requirement. Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002); Hill v. Smith, 186 Fed. Appx. 271, 274 (3d Cir. 2006)(rejecting prisoner's argument that exhaustion should be excused because inmate grievances were regularly rejected.) Likewise, the Court of Appeals for the Third Circuit has "not recognized 'sensitive' subject matter or 'fear of retaliation' as a basis for excusing a prisoner's failure to exhaust." Pena-Ruiz v. Solorzano, 281 Fed. Appx. 110,113 (3d Cir. 2008).[3]

The Pennsylvania Department of Corrections ("DOC") has established a Consolidated Inmate Grievance Review System which has been periodically amended. Section V of DC-ADM 804 (effective January 3, 2005) states that "every individual committed to its custody shall have access to a formal procedure through which the resolution of problems or other issues of concern arising during the course of confinement may be sought." It adds that the formal procedure shall be known as the Inmate Grievance System and provides a forum of review and two (2) avenues of appeal. Section VI ("Procedures") of DC-ADM 804 provides that, after attempted informal resolution of the problem, a written grievance may be submitted to the Facility Grievance Coordinator within fifteen (15) working

---

[3] The statutory mandate for exhaustion of administrative remedies implies a procedural default component. Spruill v. Gillis 372 F.3d 218, 222 (3d Cir. 2004). As the Third Circuit Court of Appeals explained, a procedural default rule "prevents an end-run around the exhaustion requirement." Id. at 230. It also ensures "prisoner compliance with the specific requirements of the grievance system" and encourages inmates to pursue their administrative grievances "to the fullest." Id. In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court reiterated that proper exhaustion of available administrative remedies is mandatory, meaning that prisoners must comply with the grievance system's procedural rules, including time limitations.

days after the events upon which the claims are based, but allowances of extensions of time will be granted under certain circumstances. An appeal from the Grievance Coordinator's Initial Review decision may be made in writing within ten (10) working days to the Facility Manager. A final written appeal may be presented within fifteen (15) working days to the Secretary's Office of Inmate Grievances and Appeals. A prisoner, in seeking review through the DOC grievance system, may include reasonable requests for compensation or other legal relief normally available from a court. However, an improperly submitted grievance will not be reviewed.

Batdorf admits that on November 30, 2007, Freeman filed Grievance No. 209077, complaining that on August 2, 2007 he was seen by a prison nurse who did not give him pain medication, ice or bandages. (Doc. 176-6, Exhibit F.) This grievance was similarly rejected as not being timely filed by the Grievance Coordinator, Facility Manager, and the Office of Inmate Grievances and Appeals. In addition, Nurse Batdorf states that Grievance No. 209077 was not filed against her, but rather asserted claims against another nurse. (Doc. 191, p. 13.) The Moving Defendant adds although Plaintiff initiated other institutional grievances during the relevant time period, those filings did not contain any allegations against Batdorf.

The Third Circuit Court of Appeals has recognized that under the DOC's administrative review system a prisoner's grievance should identify specific persons, if practicable. Spruill, 372 F.3d at 234. It held that an unexplained failure to identify a responsible prison official in a grievance constitutes a procedural default of the claim. The Court of Appeals added that the prison's grievance process could excuse such a procedural default by identifying the unidentified person and acknowledging that they were fairly within the compass of the prisoner's grievance. However, in

Jones v. Bock, 127 S.Ct. 910, 923 (2007), the United States Supreme Court established that "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." The Supreme Court additionally indicated that the primary purpose of the exhaustion requirement is to allow "a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." Id. Based upon an application of the standards announced by the Supreme Court in Jones, the failure of the grievance to specifically name Nurse Batdorf does not by itself warrant entry of dismissal for non-exhaustion.

However, Grievance No. 209077 complains that on August 2, 2007, Freeman was seen by an unidentified prison nurse who did not give him pain medication, ice or bandages. Based upon the undisputed record, on August 2, 2007, Plaintiff was seen by a male nurse, Kyle Confer, R.N. See (Doc. 1. History, ¶ 23.( Although Confer conducted an examination of Plaintiff's upper arm and right ring finger, no treatment was recommended other than for Freeman to follow up with sick call. Nurse Batdorf, a female nurse, did not see Plaintiff until the following day, August 3, 2007. (Id. at ¶ 24.) There is no indication whatsoever that Plaintiff ever initiated a grievance regarding the events of August 3, 2007. Accordingly, this Court is satisfied that Grievance No. 209077 did not address any conduct by Nurse Batdorf and thus cannot be used by Plaintiff as a basis for demonstrating administrative exhaustion against the Moving Defendant.

Nonetheless, this Court is not satisfied that Moving Defendant has met her burden under Williams of clearly showing that any claims by Plaintiff regarding Nurse Batdorf's conduct were not

8

properly exhausted. Grievance No. 205300 which was filed and exhausted on its merits by Plaintiff regards the medical treatment which he was provided with on August 2-3, 2007 and subsequent dates. ( Doc. 176-8, Exhibit H.) In fact, the response by prison officials to said grievance specifically references the treatment given to Plaintiff on August 3, 2007. Since Grievance No. 205300 arguably demonstrates compliance with the exhaustion requirement, Batdorf's request for entry of summary judgment on the basis of non-exhaustion will be denied.

**Serious Medical Need**

It is undisputed that Plaintiff was involved in an altercation with SCI-Coal Twp. Correctional officers on August 2, 2007. As a result, he sought medical attention for alleged injuries to his hand and shoulders. According to undisputed institutional records, RN Confer evaluated Plaintiff that same day. In response to Plaintiff's claim of having a broken right ring finger, Confer conducted an examination and found no edema but some decrease of range. Plaintiff also indicated that his right shoulder had been jammed against a door frame. Upon examining the prisoner's shoulder area, Confer found no edema and full range of motion. Confer told Freeman to follow up with sick call and to keep his abrasions clean.

Based upon the submitted copies of Plaijntiff's institutional medical records, the next day Freeman was seen by Nurse Batdorf. (Doc. 191-7, Exhibit G.) Batdorf found mild swelling of the finger and that Plaintiff had full range of motion. Batdorf also ordered an x-ray to rule out a fracture of the finger and prescribed Freeman a cream to treat an itch which he complained of. X-rays taken of Plaintiff's right hand and finger on August 9, 2007 were negative. (Id. at p. 9.)

In order to establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious

9

medical need. See Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). In the context of medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective component). Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1979).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Mines v. Levi, 2009 WL 839011 *7 (E.D. Pa. March 26, 2009)(quoting Colburn, 946 F.2d at 1023); Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347. "[I]f unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment." Young v. Kazmerski, 266 Fed. Appx. 191, 193 (3d Cir. 2008)(quoting Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347).

Based upon Plaintiff's undisputed institutional medical records, the injuries suffered by Plaintiff on August 2, 2007 consisted of minor abrasions and soreness to his right ring finger and shoulder. X-rays taken of Plaintiff's shoulder and hand were negative. Courts considering similar injuries to those existing in the present case have concluded that they do not constitute a serious medical need. See Mines, 2009 WL 839011 *8 (swollen and stiff knee not a serious medical need where x-rays are negative); Wesson v. Iglesby, 910 F.2d 278, 284 (5th Cir. 1990)(swollen wrists not a serious medical need); Price v. Engert, 589 F.Supp.2d 240, 246 (W.D.N.Y. 2008)( no serious medical need when x-rays reveal no fracture to knee, wrist and hand injuries)

Moreover, Plaintiff has not come forward with any medical expert evidence which would contradict the medical records submitted by Nurse Batdorf or otherwise establish that his injuries satisfy the serious medical need requirement of Estelle. See Barclay v. Shearin, 86 Fed. Appx. 495, 496 (3d Cir. 2004)((speculative assertions are not sufficient to create a genuine issue of material fact when prisoner fails to rebut prison officials' proof that he does not have a serious medical need). Pursuant to the above discussion, entry of summary judgment will be granted in favor of Nurse Batdorf on the basis that Plaintiff has failed to satisfy the serious medical need requirement of Estelle. Plaintiff's motion for summary judgment will be denied solely with respect to the allegations raised against Nurse Batdorf.[4] An appropriate Order will enter.

BY THE COURT:

s/James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**

**DATED: February 22, 2011**

---

[4] It is equally apparent that during her limited involvement in Freeman's care, Batdorf provided Plaintiff with timely and adequate treatment including the ordering of an x-ray, thus undermining any claim of deliberate indifference.

11

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES FREEMAN,

    Plaintiff

v. : CIVIL NO. 3:07-CV-2191

DEPARTMENT OF CORRECTIONS, et. al., : (Judge Munley)

    Defendants

## ORDER

**AND NOW**, to wit, this 22nd day of February, 2011, for the reasons set forth in the foregoing Memorandum, it is hereby **ORDERED** that:

1. Defendant Ann Batdorf, R.N.'s motion for summary judgment (Doc. 185) is **GRANTED.**

2. Plaintiff's motion for summary judgment (Doc. 151) is **DENIED** with respect to the claims against Defendant Batdorf.

3. Summary judgment will be entered in favor of Defendant Batdorf.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court